PEARCE et al. v. HEYMAN et al.

(Court of Civil Appeals of Texas. San Antonio. June 4, 1913.)

1. INFANTS (§ 78*) — ACTIONS — JUDGMENTS — VALIDITY.

A judgment, adjusting rights of property between an infant and his guardian, rendered pursuant to an agreement in open court while the infant was represented only by the guardian, is void.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 195–207, 209; Dec. Dig. § 78.*]

2. APPEAL AND ERROR (§ 843*) — QUESTIONS REVIEWABLE—IMMATERIAL ERRORS.

The court reversing a judgment will not pass on a question which will not arise on a subsequent trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3341; Dec. Dig. § 843.*]

3. TRESPASS TO TRY TITLE (§ 39*)—EVIDENCE —ADMISSIBILITY.

Where, in trespass to try title, defendant pleaded that a deed made by plaintiff conveyed a half interest, and the court so construed it, and plaintiff did not contend that the deed was fraudulent and without consideration, unless construed to convey more than a half interest, there was no error in refusing to permit plaintiff to testify that she only intended to convey a half interest.

[Ed. Note.—For other cases, see Trespass to Try Title; Cent. Dig. § 54; Dec. Dig. § 39.*]

4. TRIAL (§ 349*)—SPECIAL ISSUES.

The court need not submit any special issue unless it submits the case on special issues; and, where it directs a verdict, it is not error to refuse to submit an immaterial special issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 823–827; Dec. Dig. § 349.*]

5. EVIDENCE (§ 429*) — PAROL EVIDENCE — JUDGMENTS—VALIDITY.

Where a judgment adjusting property rights between an infant and his guardian did not show on its face that it was void because the infant was represented only by the guardian, parol evidence that no issue was made between the parties, and that the infant was not in court to settle any dispute with the guardian, was admissible to show that the judgment was void.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1969–1971, 1973, 1974; Dec. Dig. § 429.*]

6. VENDOR AND PURCHASER (§ 230*)—INNOCENT PURCHASERS—VOID JUDGMENTS.

There can be no innocent purchaser for value under a judgment which shows on its face that it is void.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 502–512; Dec. Dig. § 230.*]

Appeal from District Court, Atascosa County; F. G. Chambliss, Judge.

Action by Georgia O. Pearce and another against Julius Heyman and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Ben P. Lane and W. J. Bowen, both of San Antonio, and Frank H. Burmeister, of Pleasanton, for appellants. W. M. Abernethy, of Jourdanton, and W. W. Walling, of San Antonio, for appellees.

MOURSUND, J. Georgia O. Pearce and her husband, Lawson W. Pearce, sued Julius Heyman, Joe Heyman, California Bradford and husband, Buell Bradford, Mrs. H. B. Palmer, Ethel, Essie, and Anson Palmer, minors, Mrs. Florentine Palmer, H. B. Palmer, Burton Palmer, and J. B. Harrison, in trespass to try title to recover 1,215.7 acres of land, damages, and rents. In addition to the usual allegations, it was alleged that said Georgia O. Pearce was, before her marriage, Georgia O. Heyman, and was the only child and heir of George Heyman, deceased, who died intestate in 1884; that said lands were the separate property of said George Heyman, acquired before his marriage to California Henderson, who is the mother of Georgia O. Pearce, and who was at the time of the trial the wife of Buell Bradford. Defendants answered by pleas of not guilty, pleas of limitation of three and five years, and pleaded that plaintiffs were estopped from claiming the land, and for cause alleged: "First. Because in a suit in trespass to try title to the lands owned or claimed by George Heyman, deceased, father of defendant, Georgia O. Pearce, filed in this honorable court, on the 14th day of March A. D. 1893, by Mrs. Callie Bradford, mother of defendant, Georgia O. Pearce, while said Georgia O. Pearce was yet a minor, against Edward Heyman, an agreed judgment was rendered in said cause on the 16th day of April A. D. 1894, vesting title to said lands in Callie Bradford and Georgia O. Heyman, her minor daughter, now Georgia O. Pearce, in equal undivided shares. Second. On the 26th day of August A. D. 1901, Georgia O. Pearce, joined by her husband, Lawson W. Pearce, plaintiffs, conveyed by deed to defendants Buell Bradford and California Bradford an undivided one-half (½) interest in and to 225.7 acres of land, being, as recited in said deed, 'My interest inherited from my father, George Heyman, deceased,' etc., which said deed was on the 10th day of September A. D. 1901, recorded in the Deed Records of Atascosa county, in volume W No. 1, at pages 547, 548, and 549." Plaintiffs, by supplemental petition, excepted to defendants' plea of estoppel, and denied that in said suit the respective shares or interests of said Callie Bradford and Georgia O. Heyman, a minor, were litigated, alleging that said Callie Bradford in said suit attempted to act for herself and also as guardian of said minor, and in violation of her plain duty as guardian fraudulently attempted, by said decree, to deprive her ward of one-half of her estate, and said purported decree is not binding as against said minor, because she in fact owned said entire estate at said time; that before the signing of said decree said Buell Bradford and California Bradford represented to plaintiffs that said Georgia O. Pearce only owned a half interest in the land therein mentioned, which representation was false, as said Brad-

ford and wife knew, and was made with intent to deceive and defraud plaintiffs, and induced plaintiffs to sign said deed in ignorance of their rights, and under a mistake of the facts; that plaintiffs own the lands described in their petition as tenants in common with the other defendants, except as in such petition mentioned, the particular tracts and interests claimed to be owned by plaintiff being there particularly described. Defendants, by supplemental answer, excepted to plaintiffs' allegations contained in the supplemental petition, on the ground that same constituted an attempt to change or alter the force and effect of the judgment, the same being the judgment of a court of competent jurisdiction, and all parties being before the court. Defendants also denied that they were tenants in common with plaintiffs of any lands described in plaintiffs' petition, and pleaded an agreed verbal partition, and denied that fraud was practiced by Bradford and wife. The court instructed a verdict for defendants, and, judgment being entered, plaintiffs appealed.

[1] The first and second assignments are based upon the refusal of the court to permit oral evidence to explain what land was litigated and what the issues were in suit No. 479, Callie Bradford et al. v. Edward Heyman, the judgment in such case having been introduced in evidence by defendants, it being contended by plaintiffs that said judgment was vague, uncertain, and of doubtful meaning, and it being shown that the papers in said case had been lost. The purpose of such testimony was to show that Callie Bradford and Georgia O. Heyman, now Georgia O. Pearce, were not adverse parties in said suit, and their respective rights and interests in said lands were not litigated in said suit. The judgment referred to reads as follows: "No. 479. Callie Bradford et al. v. Edward Heyman. April 16, 1894. In District Court, Atascosa County. This cause coming on for trial, and it appearing to the satisfaction of the court that the parties plaintiffs and defendant having entered into a written agreement as follows: That Callie Bradford take one-half of the land sued for in her right, namely, 106⅔ acres, and that she take, as guardian of her minor child, Georgia O. Heyman, one half of the land, namely, 106⅔ acres, and that the 106⅔ acres of land sued for be vested in Callie Bradford absolutely as her own, and the other half, 106⅔ acres of land, that she holds as guardian of her minor child, and that plaintiffs pay all costs in this behalf expended (that is, that Callie Bradford pay one half of the costs, and that she pay the other half out of the estate of her minor child, Georgia O. Heyman)—it is ordered, adjudged, and decreed by the court that all the right, title, and interest in the land described in plaintiffs' petition held by Edward Heyman, defendant in this suit, be divested out of the defendant Edward Hey-

man, and invested in Callie Bradford, namely, 106⅔ acres of land be absolutely vested in Callie Bradford in her own right, and 106⅔ acres of land described in plaintiffs' petition be vested in Callie Bradford, as guardian of her minor child, Georgia O. Heyman. It is further ordered that the officers of this court have judgment against Callie Bradford for one half their costs and as guardian, her minor child, the other half, and for which execution may issue, and that this cause be dismissed."

Few decrees can be found as remarkable as the one now being considered. Apparently Callie Bradford litigated the title with Edward Heyman for herself and as guardian of her minor daughter, and having obtained an agreement for a recovery, proceeded to litigate for herself individually, with herself as guardian of her minor daughter, regarding the interests to be awarded to each in the recovery. There is nothing in the judgment indicating any character of pleadings making an issue between the mother and her daughter, no appointment of a guardian ad litem for the daughter, but simply an agreed judgment, in which the mother represented both herself and her daughter. Then to render matters more incomprehensible, for some reason it was deemed proper to wind up the decree with a statement that the case was dismissed. The recitals of the judgment demonstrate the impossibility of there having been any jurisdiction of the person of the minor for the purpose of decreeing a recovery against such minor in favor of the guardian, and therefore the judgment was void. Dunn v. Taylor, 42 Tex. Civ. App. 247, 94 S. W. 347; Sandoval v. Rosser, 86 Tex. 682, 26 S. W. 933.

An agreement made in open court may supply the want of pleadings, but the persons who are recited as making the agreement must be in court, and we hold most emphatically that when a judgment shows that the minor is represented only by the adverse party in the agreement, then such minor is not in court so that her rights can be taken from her by a judgment based upon such agreement. It follows that we consider it unnecessary for appellants in this case to introduce the evidence sought to be introduced, as shown by the first two assignments of error; also that defendants are not entitled to hold under the judgment, and as the court's judgment was based upon said judgment as to half of the land described therein, and upon a deed as to the other half, the court erred in instructing a verdict for defendants, and assignments 8 and 11 are sustained.

[2] The error, if one, complained of in assignment No. 3 cannot occur upon another trial, and the court will not waste time in passing on the question presented. Worcester v. Ry. Co., 91 S. W. 339; Telegraph Co. v. Tucker, 98 S. W. 909.

[3] As we understand the pleadings, appellants did not contend that the deed from

them to the Bradfords was fraudulent and without consideration, unless construed to convey more than a half interest. In view of the fact that the court appears to have construed it as conveying only a half interest, and that defendants pleaded it conveyed only a half interest, there was no error in refusing to let Mrs. Pearce testify that she only intended to convey a half interest. As-signment No. 4 is therefore overruled.

It appears from the bill of exceptions upon which the fifth assignment is founded that the question raised is practically the same as raised by the fourth assignment, and said fifth assignment is overruled.

The court did not err in holding as a mat-ter of law that the land described in the deed from Georgia O. Pearce and husband to the Bradfords was included in the deed from the Bradfords to Palmer. The undis-puted evidence shows that the 160 acres out of survey 1138, grantee, A. L. Bacon, was taken by George Heyman by verbal partition as his one-third of said survey acquired by deed from P. H. Fields. The deed from the Pearces to the Bradfords describes the par-ticular 160 acres by metes and bounds, while the deed from the Bradfords to Palmer de-scribes it as it was described in the deed to George Heyman. The other tract, being part of survey No. 1084, grantee, P. C. Beall, de-scribed by metes and bounds in the deed from Pearces to Bradfords, is necessarily included in the description of the entire sur-vey made in the deed from Bradfords to Palmer. The sixth assignment is overruled.

[4] The seventh assignment complains of the refusal to submit the special issue, whether the property was community proper-ty of Geo. Heyman and wife or separate property of Geo. Heyman. The court was not required to submit any special issue unless he decided to submit the case upon special issues. Hengy v. Hengy, 151 S. W. 1127, and cases therein cited. Having con-cluded to instruct a verdict, and basing his conclusion upon the theory that the judg-ment divested Georgia O. Pearce of one half the land, and the deed divested her of the other half, he necessarily concluded that it was immaterial whether she acquired half or all from her father. As the judgment does not settle anything as between the mother and daughter, upon another trial it will be necessary to decide whether or not the prop-erty was the separate property of Geo. Hey-man; and if the evidence on the issue is conflicting, the court will submit the question to the jury.

[5] Assignments 9 and 10 complain of the overruling of the motion for new trial, the contention being that said motion should have been granted because of the discovery of the papers in the case, in which the agreed judgment was rendered under which defendants are claiming that Mrs. Bradford

was vested with a half interest in certain lands as against her daughter. Plaintiffs desired to show by the pleadings in said case that no issue was made by the pleadings as between the mother and daughter. Were it not for the fact that we consider the judg-ment void on its face, we would hold this evidence admissible for the purpose of show-ing that no issue was made between the parties, and that the minor was not in court for the purpose of settling any dispute with her guardian, and that therefore the judg-ment, purporting to adjust rights of property between the minor and her guardian, was void. Dunn v. Taylor, 42 Tex. Civ. App. 249, 94 S. W. 347.

[6] Much has been said in appellees' brief about innocent purchasers for value. There can be no innocent purchaser for value un-der the judgment which carries on its face the warning that a mother is representing her child in an agreement by which she is to hold certain property rights against her child. As to the deed, as both sides appear to agree in their pleadings that it carried only a half interest, we fail to see how any question of innocent purchaser for value can arise. If appellants seek to set aside said deed in its entirety, it would be incum-bent upon them to show that those holding under the deed were not innocent purchasers for value, as the latter would have the legal title.

The judgment is reversed, and the cause remanded.