ROWLAND v. KLEPPER et al.　(No. 7552.)

(Court of Civil Appeals of Texas. Dallas. Oct. 28, 1916. Rehearing Denied Dec. 2, 1916.)

1. TAXATION ⚌806—TAX SALE—ACTION TO SET ASIDE—PARTIES.

In a suit to vacate and set aside a judgment foreclosing a lien for taxes, and a tax sale, and to decree the land to plaintiff, owning it in his separate right, though his wife was not a necessary party to his recovery, her joinder did not injuriously affect the rights of the purchaser; but the purchaser at the execution sale under the judgment, while not a party to the tax suit, was a necessary party to the suit to vacate, in order that his rights might be adjudicated.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1598; Dec. Dig. ⚌806.]

2. ACTION ⚌45(1)—JOINDER OF CAUSES.

To avoid multiplicity of suits, different causes of action may, as a rule, be joined in one suit.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–402; Dec. Dig. ⚌45(1).]

3. TAXATION ⚌648—TAX SALE—ACTION TO VACATE—COLLATERAL ATTACK.

A suit by the owner of land sold for taxes, making the purchaser defendant by motion to vacate and set aside judgments under which the land was sold, and for a decree for the land, was not a collateral attack on the judgments for taxes and for sale.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1316; Dec. Dig. ⚌648.]

4. TAXATION ⚌806—TAX SALE—ACTION TO VACATE—PARTIES—STATE.

In such suit the state is not a necessary party, in view of the impracticability of making it a party.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1598; Dec. Dig. ⚌806.]

5. STATES ⚌191(1) — SUIT AGAINST — CONSENT.

The state, under the law, cannot be sued without permission of the Legislature.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 179, 180, 182–184; Dec. Dig. ⚌191(1).]

6. TAXATION ⚌810(3) — PROCEEDINGS FOR SALE — SERVICE OF CITATION — SUFFICIENCY OF EVIDENCE.

Evidence held to sustain a finding that the owner of land was not served with a citation in a suit to recover the state and county taxes and to foreclose a lien on the land.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1608; Dec. Dig. ⚌810(3).]

7. TAXATION ⚌642—TAX SALE—CITATION TO OWNER—DATE.

A citation, purporting to be served upon the owner in a suit to recover the state and county taxes on land, commanding him to appear on a day in September, 119010, an impossible date, was void, so that if it had been served, it would have been of no effect.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1305–1307; Dec. Dig. ⚌642.]

8. TAXATION ⚌734(12) — TAX SALE — BONA FIDE PURCHASER—INADEQUATE PRICE.

Upon levy and execution for taxes, a purchaser for $40, when it was worth about $3,000, was not a purchaser in good faith, as he bought it for a grossly inadequate price.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1473; Dec. Dig. ⚌734(12).]

9. TAXATION ⚌830—TAX SALE—ACTION TO SET ASIDE—ALLOWANCE TO PURCHASER.

The purchaser at an execution sale of land for taxes who had settled the taxes, which had not been paid by the owner, was entitled to be reimbursed in the owner's suit to vacate and set aside the sale.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1632, 1645; Dec. Dig. ⚌830.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by D. L. and Fannie J. Klepper, making Charles P. Rowland defendant by motion to vacate and set aside a judgment in a suit to recover state and county taxes and to foreclose a lien on the land and to decree the land to plaintiffs, in which defendant interpleaded B. F. Brandenburg, and prayed that for any judgment suffered he have a judgment over against him. Judgment for plaintiffs, and defendant Rowland appeals. Reformed and affirmed.

E. L. Harrison and J. L. Goggans, both of Dallas, for appellant. Gano & Gano, Muse & Muse, and W. T. Strange, all of Dallas, for appellees.

RAINEY, C. J. In 1908 D. L. Klepper owned in his separate right the land in controversy, which was assessed for taxes due the state of Texas, and the county of Dallas, and for the payment thereof he became delinquent. In the year 1909 D. L. Klepper deeded to his wife, Fannie J., one-half interest in and to said land. On January 21, 1910, suit was brought against D. L. Klepper to recover the state and county taxes for 1908, and to foreclose the lien on said land, and judgment was rendered therefor by the district court of Dallas county. Execution was issued thereon and levied on said land, and same advertised for sale. Sale was made, and Chas. P. Rowland became the purchaser for the sum of $40, and deed made by the sheriff to him. On May 16, 1914, D. L. and

Fannie J. Klepper instituted this suit, making Chas. P. Rowland defendant by motion to vacate and set aside the judgment rendered by the district court and decree the land to them. It is alleged that the wife was a necessary party to the tax suit, as the land was their homestead and she owned one-half thereof in her own right; that D. L. Klepper did not know of said suit until a short time before the institution of this suit; that the tax judgment was for a greater amount than was due for taxes; that said suit citation was never served on him; that the citation commanded him to appear at an impossible date; that the land was not sufficiently described in the tax rolls, etc. An answer was duly filed, containing exceptions and general denial and plea of innocent purchaser at the sheriff's sale and admitting title in one-half interest in the land in Fannie J. Klepper. B. F. Brandenburg was also interpleaded, alleging that he was sheriff at the time, and praying judgment against him for a false return of citation for any judgment that might be rendered against him, appellant. The case was submitted to a jury on special issues, and upon a return of their answers thereto judgment was rendered, setting said tax judgment aside, and decreeing the sale thereunder void, etc. Rowland appeals.

[1-3] Throughout appellant's brief many assignments of error are presented, based upon the theory that appellee's cause of action is a collateral, and not a direct, attack upon the judgment for taxes and foreclosure of lien on land rendered by the district court. The appellees, by way of motion in the tax suit, disposed of by the district court, sought to have its judgment and the cloud cast upon the title to the land by the sale under execution set aside. It is urged that Fannie J., the wife, nor appellant Rowland were not necessary parties in a direct attack. Under our system of practice the wife was not a necessary party for a recovery by D. L. Klepper. Still, she being a party, in no way was she such a party as injuriously affected the rights of appellant. While appellant was not made a party to the tax suit, he was a purchaser at execution sale under that judgment, and it was necessary to make him a party to this suit in order that his rights might be adjudicated.

To avoid multiplicity of suits, as a rule, different causes of action may be joined in one suit, and this is no exception to the general rule. The appellees stated in their petition some good grounds for a direct attack on the tax judgment, and the contention that it was a collateral attack is not concurred in.

[4, 5] The objection that the state was not made a party is not well taken. In such a suit it is impracticable to make the state a party. The state, under the law, cannot be sued without permission of the Legislature, and it is not infrequent cases similar to this have been prosecuted and determined when the state was not made a party, so we take it that it is not necessary that the state should be made a party.

[6, 7] The judgment attacked recites that D. L. Klepper was duly served with citation, but failed to appear. There is in the record a citation directed to Klepper, and thereon is an officer's return showing service. By parol evidence of Klepper it was shown that service was never had upon him, and his wife says that the officer handed the citation to her with the request that she deliver it to her husband, and that she did not deliver it, and said nothing about it to her husband until just before the institution of this suit. The jury found that D. L. Klepper was not served, which, we think, is supported by the testimony. It was also shown that the citation, purporting to be served, stated an impossible date for his appearance; that is, it commanded him to appear on a day in September, 119010. This rendered the citation void, and if it had been served on Klepper, it would have been of no effect. It follows that the court had no personal jurisdiction of Klepper, and upon a direct attack the court correctly set aside the judgment rendered therein.

[8] Appellant contends that he is a purchaser of the land in good faith at execution sale, by virtue of the judgment against Klepper. We think this defense unavailable, for he bought for a grossly inadequate price. He bought in the land at the price of $40, when the property was worth about $3,000. The doctrine is laid down in Carpenter v. Anderson, 33 Tex. Civ. App. 491, 77 S. W. 291, and authorities cited therein. Mr. Justice Gill, rendering the opinion, said:

"Appellee contends that the judgment was rightly vacated because of the unconscionably small sum at which the land sold, and execution sale. Nothing is better settled than that mere inadequacy of price will not authorize the setting aside of a sheriff's sale otherwise regular. Something more must be shown, of which the purchaser had, or ought to have had, notice. But a distinction exists between a mere inadequacy of price and a price so grossly out of proportion to the value of the property sold as to shock the conscience, and justify the court in holding that there was no consideration. While the regular record of the judgment imports absolute verity to a stranger, yet he who invokes the doctrine against a hidden vice therein must be a bona fide purchaser for value. If Hudson was not such a purchaser in this case, his vendee knew it, for he not only knew the price brought at execution sale, but knew the value of the property at that time. He knew that property worth between $2,500 and $3,000 had been sacrificed for the nominal sum of $53.33, and that he purchased from Hudson at much less than its real value. The court will proceed upon the theory that the gross disproportion between price and value ought alone to have put the parties upon inquiry, and that to take advantage of it was constructive fraud. To be a bona fide purchaser for value, one must pay a fair price. We regard the disproportion so gross as to render the sum paid no consideration, and Hudson not a purchaser for value. Nichols-Steuart v. Crosby, 87 Tex. 443, 29 S. W. 380;

McKamey v. Thorp, 61 Tex. 652; Bank v. Bank, 30 S. W. 366."

[9] The amount paid by Rowland on the land having settled the taxes, which have not been paid by appellee, he is entitled to be reimbursed, and the judgment will be reformed so as to give him a lien on said land for the sum of $40, and the judgment, as reformed, will be affirmed.