### ROWLAND v. KLEPPER et ux.
### (No. 126–3010.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

**1. Judgment ⬉518—Suit to set aside tax judgment, etc., held direct attack on the judgment.**

A suit to set aside a default judgment rendered in a tax suit and the sheriff's deed thereunder and recover title to the property was a direct attack on the judgment rendered in the tax suit.

**2. Taxation ⬉648—Parol evidence admissible to contradict recital of service in judgment on direct attack.**

In a suit to set aside a default judgment in a tax suit and the sheriff's deed thereunder and recover the land, parol evidence was admissible to contradict a recital in the judgment of service of citation.

**3. Taxation ⬉689(3) — In suit to set aside default judgment, submission of special issues as to when plaintiff learned of judgment not error.**

In a suit to set aside a default judgment rendered in a tax suit and the sheriff's deed thereunder and to recover title to the property, the submission of special issues as to whether plaintiff was served with a copy of the citation and as to when he first learned of the rendition of the judgment was not error.

**4. Taxation ⬉734(12)—Purchaser at tax sale for grossly inadequate price not bona fide purchaser.**

One purchasing land sold for taxes under a judgment in a tax suit rendered without service of citation was not a purchaser in good faith entitled to protection as such where the price paid by him was grossly inadequate.

**5. Taxation ⬉813—When state not party to suit to set aside judgment and sale and meritorious defense not shown, sale only set aside.**

In a suit to set aside a default judgment in a tax suit and the sheriff's deed thereunder and recover title to the property, where it appeared that plaintiff was not served with citation, but the state was not made a party, and no meritorious defense as against the state was shown, the sale will be set aside, leaving the judgment undisturbed.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by D. L. Klepper and wife against Charles P. Rowland. A decree for plaintiffs was reformed and affirmed by the Court of Civil Appeals (189 S. W. 1033), and defendant brings error. Reformed and affirmed.

J. L. Goggans, Ed T. Harrison, and D. A. Eldridge, all of Dallas, for plaintiff in error.

Gano & Gano, Muse & Muse, and W. T. Strange, all of Dallas, for defendants in error.

A. B. Flanary, of Dallas, for Branderburg, Sheriff.

TAYLOR, J. This was a suit by D. L. Klepper and wife, Fannie J. Klepper, defendants in error, to set aside a default judgment rendered in a tax suit by the state against D. L. Klepper, foreclosing a lien for taxes on their house and lot. Defendants in error denominated their suit a "proceeding by way of motion and a suit to review," and sought, in addition to setting aside the judgment, to set aside the sheriff's deed conveying the property to C. P. Rowland, plaintiff in error, and to recover title to the property.

The amended petition alleged that D. L. Klepper had never been served with citation in the tax suit; that a one-half undivided interest in the property was owned by Fannie J. Klepper, and that she was not made a party to the suit; that the property was the homestead of defendants in error; that the tax for the year 1908 on the entire property had been charged against D. L. Klepper's one-half interest. It was further alleged that plaintiff in error had declined to receive any sum from them in satisfaction of the bid made by him in purchasing the property. The petition recited a tender and offer on the part of defendants to pay any sum the court might deem proper to redeem the land; also an offer to pay whatever sum the court might determine was due on the property for taxes for the year 1908, including penalties. Numerous irregularities were alleged as to the making of the sale, and it was specifically alleged that the sale was made for a grossly inadequate price—$40 for property worth $3,000.

Plaintiff in error disclaimed as to the one-half interest of Fannie J. Klepper, and set up as his main defenses, that the suit was a collateral attack upon the judgment in the tax suit; that, if a direct attack, it could not be maintained without making the state a party defendant (which was not done); that parol evidence was inadmissible to contradict the recitals of service contained in the tax suit judgment; that plaintiff in error had no knowledge of any irregularities in obtaining the judgment, and was therefore an innocent purchaser.

The jury found, among other things, in response to special issues, that the deputy sheriff did not deliver to D. L. Klepper in person a copy of the citation in the tax suit, and that Klepper did not learn of the sale of the property by the sheriff until May 16, 1914. There was evidence to sustain these findings.

The judgment in the tax suit was rendered on November 23, 1910, and this suit was filed May 16, 1914.

Judgment in the present suit was rendered in favor of defendants in error setting aside the judgment in the tax suit and all proceedings thereunder, and for recovery of the property. The Court of Civil Appeals reformed the decree of the trial court by giving

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment in favor of plaintiff in error for $40, the amount paid by him for the property, and affirmed the decree as reformed. 189 S. W. 1033. Writ of error was granted upon referred application.

[1-4] The application for the writ in this case assigns as error the following holdings of Courts of Civil Appeals: That the proceedings in the court below constituted a direct attack upon the judgment rendered in the tax suit; that parol evidence was admissible to contradict a recital in the judgment of service of citation; that there was no error upon the part of the trial court in submitting to the jury the special issues as to whether Klepper was served with a copy of the citation, and as to when he first learned of the rendition of the judgment in the tax suit; that there was evidence to sustain the finding of the jury that Klepper was not served with citation; that appellant was not a purchaser in good faith because the price paid by him was grossly inadequate; and that plaintiff in error was not entitled to be protected as an innocent purchaser of the land.

The questions raised by the foregoing assignments were presented by the assignments in the application for the writ in Harrison v. Sharpe, 210 S. W. 731. The conclusions reached in that case support the holdings of the Court of Civil Appeals in this case on the questions raised by the foregoing assignments, and we concur therein.

The Harrison Case was pending on application for the writ in the Supreme Court at the time of the submission of this cause to us. The Supreme Court has recently refused the application. This renders it unnecessary for us to attempt to enlarge upon or add to what has been said in the Harrison Case, or to further review the holdings in this case.

[5] We approve the action of the Court of Civil Appeals in this case in affirming the trial court's judgment except as to that part of the order setting aside the judgment in the tax suit.

In Harrison v. Sharpe, supra, judgment of the trial court setting aside both the judgment and the sale was on original hearing affirmed. On rehearing in that case the court took note of the fact that an application for writ of error had been granted in this case by the committee of judges, and of the view under which it was granted, to wit, that the Court of Civil Appeals erred in holding that the judgment could be annulled without the state being made a party, and without an allegation of meritorious defense. In this connection Associate Justice Boyce stated in the opinion on rehearing that the court were inclined to the view that a proper judgment in cases of that character would be merely to set aside the sale, leaving the judgment undisturbed. It thereupon so modified the judgment on original hearing as to annul the sale only. This eliminated any questions as to the necessity of alleging a meritorious defense and of making the state a party.

The reason assigned in the Harrison Case for reforming the judgment in the manner pointed out exists in this case, and to so reform it will in no wise injuriously affect plaintiff in error.

We therefore recommend that that part of the judgment of the Court of Civil Appeals setting aside the judgment in the tax suit be eliminated, and that the judgment as thus reformed be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.