**CROW et al. v. VAN NESS et al. (No. 1817.)**

(Court of Civil Appeals of Texas. Amarillo. May 25, 1921.)

1. **Judgment ⬤═486(1)—Not void if there was jurisdiction of subject-matter, parties, and relief.**

A judgment is not void unless there was want of jurisdiction over the subject-matter, want of jurisdiction over the parties, or over some of them, or want of power to grant the relief contained in the judgment, and where the subject-matter of the suit in district court was the title to land as to which that court had jurisdiction under the Constitution and statutes, the defendants appeared and answered, the minor defendant by guardian ad litem, under Rev. St. 1911, art. 1942, and the decision rendered was in accordance with the issues made by the pleadings, the judgment was not void.

2. **Judgment ⬤═501 — Erroneous judgment within jurisdiction is not void.**

The fact that a judgment rendered within the jurisdiction of the court was erroneous does not make it void.

3. **Judgment ⬤═453—Bona fide purchaser protected against direct attack on judgment.**

The reason for requiring a direct attack to set aside a judgment for any reason not appearing on the face of the record is to enable the court to adjust the equities of the parties and protect the rights of innocent persons, and an innocent purchaser who has acquired rights under a judgment apparently regular will be protected against a direct attack on the judgment.

4. **Vendor and purchaser ⬤═224—Limited warranty deed is conveyance, not quitclaim, as respects claim of innocent purchase.**

A deed warranting title only against persons claiming under the grantors is a conveyance of the title, and not merely a quitclaim, so that a grantee thereunder can claim the protection due an innocent purchaser.

5. **Judgment ⬤═582—Grantee obtaining judgment establishing title holds under judgment.**

Where the grantee in a quitclaim deed subsequently obtained a judgment establishing his title as against the child of the former owner, he held title to the child's interest under the judgment, and not under the quitclaim deed.

6. **Judgment ⬤═293—Failure to record does not render inadmissible as evidence of title.**

The failure to record a judgment determining title to property in the deed records of the county, under the provisions of article 6835, does not prevent the introduction in evidence of the judgment as a muniment of title.

7. **Vendor and purchaser ⬤═231(14)—Notice of clerical defect held not notice of error in judgment.**

Notice to a purchaser of land that there was a clerical defect in the description of land contained in the judgment, which was part of his chain of title, does not charge him with

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

notice that the judgment was erroneous in so far as it divested the interest of an heir.

**8. Vendor and purchaser** ⬳**231(16)—Notice defendant was heir of former owner is not notice of defect in judgment against heir.**

Although the records may have' shown facts which charged a purchaser of property with notice that a minor was the heir of a former' owner, that fact does not charge him with notice of error in a judgment vesting the title in his grantor to the exclusion of the heir.

Appeal from District Court, Lipscomb County; W. R. Ewing, Judge.

Suit by B. F. Crow and others against George A. Van Ness, Lela Irene Van Ness, and another, to correct an alleged mistake in a prior judgment, in which the defendant Lela Irene Van Ness prayed that the prior judgment be set aside as against her. From a judgment awarding defendant Lela Irene Van Ness, an undivided half interest in the land affected by the judgment, plaintiffs appeal. Reversed and remanded.

N. P. Willis, of Canadian, E. C. Gray, of Higgins, and H. G. Hendricks, of Amarillo, for appellants.

Fisher & Palmer and Frank Willis, all of Canadian, for appellees. .

BOYCE, J. This is the second appeal of this case. See Van Ness v. Crow, 215 S. W. 572. Since the former decision, the case has been repleaded, and different questions are now presented. We will restate the case so far as necessary to present such facts as concern the questions now for decision.

The suit was originally brought by B. F. Crow against Geo. A. Van Ness, Alice D. Van Ness, and Lela Irene Van Ness, a minor; to correct an alleged mistake in a certain judgment entered in the district court of Ochiltree county, Tex., in cause No. 62, wherein the said B. F. Crow was plaintiff and the other parties named were defendants, and wherein the said plaintiff had recovered certain described lands of and from the defendants. The mistake alleged was in the description of one of the tracts of land recovered in the judgment. Lela Irene Van Ness answered by next friend, attacking the judgment rendered in said cause No. 62, as a whole in so far as it affected her and prayed that said judgment be set aside. John F. Wilkinson, who had bought the land from Crow, was made a party defendant. As the case is now pleaded, the attempt to correct the judgment in said cause No. 62 has been abandoned. John F. Wilkinson has assumed the rôle of plaintiff, and claims the land described in said former judgment, as an innocent purchaser from B. F. Crow, for value, and without notice of facts that would affect the validity of said judgment. Lela Irene Van Ness, who formerly appeared in the case, by next friend, has had her disabilities removed,

and now answers in her own behalf. In her answer she alleges that she is the owner of an undivided one-half interest in said land and attacks said judgment in cause No. 62, as being rendered without jurisdiction on the part of the court, and as the result of a conspiracy between the plaintiff Crow and the defendants Geo. A. Van Ness, her stepfather, and Alice D. Van Ness, her mother, to unlawfully deprive her of her said property, and prays for judgment, setting aside said former judgment and for recovery of an undivided one-half interest in said land. The trial judge gave a peremptory instruction in favor of the said Lela Irene Van Ness, and entered judgment awarding her recovery of an undivided one-half interest in the land as prayed for.

Said land, consisting of the E. ½ of the W. ½, the S. E. ¼ and the S. ½ of the N. E. ¼ of section 576, and all of section 570, block 43, H. & T. C. Ry. Co., grantee, in Ochiltree county, Tex., was originally the community property of C. W. Van Ness and wife, Alice D. Van Ness. C. W. Van Ness died in 1900 intestate. Lela Irene Van Ness, at that time an infant, was his only child. The wife, Alice D. Van Ness, married deceased's brother, Geo. A. Van Ness, and they conveyed the land in October, 1902, to B. F. Crow. The conveyance is what is known as a special warranty deed; that is, it was in the terms of a general warranty deed, except that it warranted the title only against those claiming "by, through or under" the grantors. Thereafter B. F. Crow brought said suit No. 62, against said Geo. A. Van Ness, Alice D. Van Ness, and Lela Irene Van Ness. The petition was in form of trespass to try title to the lands described in the above-mentioned deed from Geo. A. Van Ness and wife to B. F. Crow, except that the portions of section 576, sought to be recovered were described as the "E. ½ of the W. ¼, the S. E. ¼ and S. ½ of the N. E. ¼ of section No. 576." Geo. A. Van Ness and Alice D. Van Ness ·answered, admitting plaintiff's right to recover. A guardian ad litem was appointed, and answered for Lela Irene Van Ness, setting up the fact that she owned an undivided one-half interest in the land through inheritance from her father. The court thereafter entered judgment in regular form in favor of B. F. Crow, for recovery of the land described in said petition. It appears that the judgment was entered upon a showing to the court that Geo. A. Van Ness and Alice D. Van Ness had conveyed, or were at such time conveying, to Lela Irene Van Ness a section of land in Hemphill county, Tex., in lieu of her half interest in this land that was sold to Crow. This fact does not appear in the record in cause No. 62, but evidence thereof was introduced in the trial of this cause. B. F. Crow and wife, for a valuable consideration, conveyed the land described in their

---

deed to John F. Wilkinson, by warranty deed, dated August 7, 1917. Wilkinson testified that he had no notice of any claim on the part of Lela Irene Van Ness to the land, or of any defect in the title; that he did learn of a discrepancy in the description of the portions of said section 576, as it appeared in the judgment, and as it appeared in his deed, and there is some question as to whether this notice of discrepancy in such description was obtained before or after he bought the land. At any rate, the notice, so he testifies, was to the effect that there was a clerical error in the description in the judgment. He testified that he did not get an abstract of title to the land or have it examined; that in closing the trade he was securing a loan on the land, and the person making the loan investigated the title and assured him that it was good; that he had confidence in the judgment of such person, and relied on such assurance, and "would not have closed the trade with Crow had I not relied upon and believed that the title was good from what Doolin assured me."

The question for decision is whether the record presents an issue as to whether John F. Wilkinson is a bona fide purchaser, and entitled to protection as such.

[1] The judgment in cause No. 62 was not, in our opinion, void.

"If a judgment is void it must be from one or more of the following causes: (1) Want of jurisdiction over the subject-matter; (2) want of jurisdiction over the parties to the action, or some of them; (3) want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second class, the court acts without jurisdiction, while in those of the third class it acts in excess of jurisdiction." Freeman on Judgments, § 116.

The foregoing language was quoted with approval in the case of Newman v. Mackey, 37 Tex. Civ. App. 85, 83 S. W. 33, and is amply supported by other authorities. Murchison v. White, 54 Tex. 78; Black on Judgments, §§ 170, 218.

"By jurisdiction over the subject-matter is meant the nature of the cause of action or of the relief sought; and this is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred." Cooper v. Reynolds, 10 Wall. (U. S.) 308, 19 L. Ed. 931; Black on Judgments, § 240.

"In one of the early cases before the Supreme Court of the United States, it was said, 'If the petitioner states such case in his petition that on a demurrer the court would render judgment in his favor, it is an undoubted case of jurisdiction.' But probably this was not meant as equivalent to saying that if the petition were demurrable there would be no jurisdiction. Indeed, it would be impossible on any rational theory to make the jurisdiction depend upon the validity of the case stated by the plaintiff, for the court must pass upon the sufficiency of the declaration and jurisdiction to proceed at least so far must be acquired by the mere filing of the pleading and the service of process. But it is equally certain that a court cannot, in ordinary cases, initiate a proceeding sua sponte. Its jurisdiction and power must remain at rest until called into activity by the application of a suitor. Jurisdiction of the subject-matter, therefore dynamically considered, depends upon the act of the parties in invoking the aid of the law in some regular manner for the determination of their controversy." Black on Judgments, § 241.

[2] The Constitution and laws of this state confer on the district courts jurisdiction to try the title to lands. The pleadings presented such issue alone in said cause No. 62, and judgment was rendered in pursuance thereto. So that undoubtedly, on the face of the record, the court had jurisdiction of the subject-matter. It is unquestioned that the said court had "jurisdiction over the parties to the action." The two adult defendants appeared and answered; the minor was served with citation, and answered by guardian ad litem, and the proceeding was apparently regular. R. C. S. art. 1942. It has even been held that the failure to appoint a guardian ad litem does not render the judgment void. Grogan v. Spaulding, 155 S. W. 1014. Neither can it be claimed that the judgment rendered was "in excess of jurisdiction," because the judgment was one determining the title to land, and was in accordance with the issues made by the pleading. The judgment was, on the facts as they now appear, undoubtedly erroneous, but it does not follow that it was for that reason void.

"Where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and the subject-matter of the controversy, such judgment is never void, no matter how erroneous it may appear, from the face of the record or otherwise, to be." Clayton v. Hurt, 88 Tex. 598, 32 S. W. 877; Freeman on Judgments, § 135; Black on Judgments, § 244; G. C. & S. F. Ry. Co. v. Lunn, 141 S. W. 540(7).

This general statement is qualified by some authorities (see Windsor v. McVeigh, 93 U. S. 278, 23 L. Ed. 914, and comment on this case in Freeman on Judgments, § 118, and Black on Judgments, §§ 215, 226); but we need not enter into a discussion of the question suggested by these authorities, as the case does not, in any event, fall within the limitations stated in any of the authorities cited. Furthermore, a judgment is not void, even for want of jurisdiction, unless this fact appears from the face of the record. Murchison v. White, 54 Tex. 83; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Freeman on Judgments, § 131. The case is unlike those relied upon by appellee, such as Messner v. Giddings, 65 Tex. 301; Allen v. Rosenberg, 16 S. W. 1096; Pearce v. Heyman, 158 S. W. 242. In two of those cases it

appeared from the face of the record that the district court was disposing of the minor's land, rather than litigating the question of title; and in the other the judgment was rendered without pleading, and determined rights between the guardian and ward with no independent representation of the ward, and such facts appeared of record. The jurisdiction invoked by the pleadings in this case was to determine whether the minor had any title to the property, and the court had jurisdiction of such matter.

[3] It clearly follows, we think, that the judgment is not void, and could not be attacked in a collateral proceeding. But we held on a former appeal that the attack made by Lela Irene Van Ness is a direct attack on the judgment. However, the reason for requiring an attack on a judgment for any cause not apparent on the face of the record to be made only in a direct proceeding to set the judgment aside is to enable the court in which such direct attack is made "to adjust the equities of the parties litigant," and to protect the rights of innocent persons acquired on faith of the judgment. McDonald v. Crawford, 33 S. W. 328. It has been held in numerous cases that the rights of innocent purchasers, acquired under judgments apparently regular, will be protected in a direct attack on the judgment, even in cases where the judgments were rendered without service on the defendant. Harrison v. Sharpe, 210 S. W. 734, and authorities cited; Rowland v. Klepper, 189 S. W. 1033; Id., 227 S. W. 1096. If an innocent purchaser has rights that will be protected even in cases where there is really a lack of jurisdiction because it would be necessary to contradict the record to establish such fact, for much stronger reason would the protection be extended in cases where the judgment was merely erroneous, or was procured by fraud, or collusion. Murchison v. White, 54 Tex. 78; Schneider v. Sellers, 81 S. W. 126. We quote again from Freeman on Judgments:

"Error of decision may be corrected but not so as to reach those who have in good faith relied upon its correctness." Section 135. " * * * In all cases in which under a judgment not void for want of jurisdiction a bona fide purchaser has acquired title and relief is sought in equity against him, he appears to be protected by the well-known maxim, 'Where equities are equal, the legal title prevails.'" Section 510.

See, also, the discussion in section 509. If John F. Wilkinson be shown to be an innocent purchaser, he would be entitled to hold the land described in the judgment, at least in the absence of some showing, which is not made, that the rights of the parties might be more equitably adjusted and he be protected in some other way. We intimated this in our former opinion, but counsel for appellee seem to have misunderstood that opinion, and we have for this reason thought it prop-

er to consider this question at such length.

[4] But the appellee further contends that the evidence is insufficient to present an issue of innocent purchaser. In the first place, it is asserted that Wilkinson cannot be an innocent purchaser, because the deed from Van Ness to Crow is a quitclaim, but the deed is not a quitclaim; it conveys the land itself. The limited warranty does not destroy its effect as a conveyance of the land. Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940; Richardson v. Levi, 67 Tex. 359, 3 S. W. 444. See, also, Davidson v. Ryle, 103 Tex. 209, 124 S. W. 619, 620, 125 S. W. 881.

[5] But, even if the deed from Van Ness to Crow were a quitclaim deed, this would not necessarily affect the position of Wilkinson, because Crow thereafter obtained the title of the defendant Lela Irene Van Ness by the judgment in cause No. 62, so that Wilkinson's title to her interest does not necessarily come through the quitclaim deed. Crow conveyed the land to Wilkinson by a general warranty.

[6] There is nothing in the contention that the failure to record the judgment in the deed records of Ochiltree county, Tex., under the provisions of article 6835, will prevent its introduction in evidence as a muniment of title in this case. Russell v. Farquhar, 55 Tex. 355, and numerous authorities cited in Vernon's Sayles' Notes, under said article of the statute.

[7, 8] Another suggestion made by appellee is that the information which Wilkinson admitted having received, to the effect that there was an error in the judgment, would prevent him from being an innocent purchaser. There is a question as to whether this information was received before or after the purchase; but, if received before, it was not necessarily notice of any defect, except as to the error in the description of the particular tract of land, as to which he was informed had been, through a clerical error, misdescribed in the judgment. Knox v. Gruhlkey, 192 S. W. 334.

"The essential elements which constitute a bona fide purchase are three; a valuable consideration, the absence of notice, and the presence of good faith." Sparks v. Taylor, 99 Tex. 411, 90 S. W. 488, 6 L. R. A. (N. S.) 381; Davidson v. Pyle, 103 Tex. 209, 124 S. W. 616, 125 S. W. 881; Downs v. Stevensen, 56 Tex. Civ. App. 211, 119 S. W. 315.

Although the records of title may have shown that C. W. Van Ness formerly had a record title to this property, and although a purchaser may have been charged with notice that Lela Irene Van Ness was his heir, yet such purchaser had the right, in the absence of notice of any fact that would render the judgment voidable, to rely upon the judgment as divesting the said Lela Irene Van Ness of whatever claim she might have otherwise had to the property. We think the evidence

sufficient to present an issue as to whether appellant was an innocent purchaser of the property described in the judgment, and the court was in error in giving the peremptory instruction against him. In view of what is said in the authorities last cited, in reference to the burden of proof, in an issue of innocent purchaser, we will say that such question has not been presented on this appeal, and we do not decide it.

Reversed and remanded.