**HUMPHREYS v. YOUNG et al.**    (No. 2767.)

Court of Civil Appeals of Texas. Amarillo.
April 6, 1927.

On Motion to Correct Findings and Certify,
April 26, 1927.

**1. Action ⬦⟷50(1)—All parties to suit for specific performance and to cross-action must settle in same suit controversies relating to same transaction and subject-matter.**

In suit for specific performance, in which certain defendants filed cross-action, the claims of all parties growing out of the same transaction and relating to the same subject-matter must be settled in a single suit, if possible.

**2. Evidence ⬦⟷43(2)—Court takes judicial notice of pleadings filed in pending case at or prior to term.**

The court takes judicial notice of pleadings filed in a case pending before it, at or prior to the term when the court's action is taken.

**3. Venue ⬦⟷5(1)—Suit for specific performance may be brought in county where defendant or any of defendants resides.**

Suit for specific performance of an executory contract for the sale of land may be brought in the county where the defendant or any of several defendants resides.

**4. Venue ⬦⟷22(3)—Pleas of privilege should have been overruled, where pleadings showed all were necessary parties and cross-petitioning defendants resided in county.**

In suit for specific performance the court should have overruled pleas of privilege of defendants, where it appeared that other defendants who had filed cross-action were residents of the county and all defendants were necessary parties to the suit under issues as disclosed by the petition and cross-action.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by C. M. Humphreys against D. M. Young and others, in which defendants J. A. and George A. Whittenburg filed pleas of privilege. The district court sustained the pleas and directed a transfer. Plaintiff appeals. Reversed and remanded.

Stone & Guleke, of Amarillo, for appellant.
Underwood, Johnson, Dooley & Simpson and Frank Willis, all of Amarillo, for appellees.

HALL, C. J. The appellant, C. M. Humphreys, filed this suit against D. M. Young and wife, Jessie M. Young, of Potter county, Tex., and against J. A. and George A. Whittenburg, who are also alleged to reside in Potter county, Tex., alleging in substance that prior to the month of April, 1921, J. A. Whittenburg was the owner of a certain tract of land described in the petition, and that on the 8th day of April, 1921, he executed and delivered to his son, George A. Whittenburg, a certain oil and gas lease on 200 acres, more or less, of said land. The lease is set out in full in the petition. Humphreys further alleges that while said lease was in full force and effect, on or about the 15th day of April, 1921, George A. Whittenburg executed and delivered an assignment of said oil and gas lease to a part of the land first described to the defendants D. M. Young and wife; that thereafter, on the 18th day of July, 1925, Young and wife entered into a written contract with Mrs. O. M. Childers to transfer to her as agent an oil and gas lease on said last described tract, for which Mrs. Childers agreed to pay $2,000 when the abstract of title was approved. This contract for an assignment of the lease is signed by Mrs. O. M. Childers as agent. It is alleged that the contract was made by her as the agent and for the use and benefit of L. A. Wells, Ford Brandenberg, and Mrs. O. M. Childers; that the lease was thereafter assigned to L. A. Wells, who was to receive one-half of the proceeds realized therefrom, the remaining one-half to be divided equally between Brandenberg and Mrs. Childers.

It is further alleged that this contract for the assignment of the lease was deposited in escrow with the Amarillo National Bank & Trust Company, together with $200 earnest money; that on or about the 12th day of October, 1925, the plaintiff, Humphreys, purchased from the said Wells the said contract by and with the consent of Brandenberg and Mrs. Childers, and in said agreement of purchase he agreed to execute and assign all profits under said contract to plaintiff, Humphreys, for which Humphreys was to pay $2,-000, and upon the payment of said sum the said Wells did assign all his interest, rights, and equities under said contract to Humphreys; and that Humphreys is now the sole beneficiary under said contract, and the owner of all rights, interests, and equities growing out of the same.

Plaintiff further alleges that the said Young and wife were, by the terms of said contract, notified of the fact that Mrs. Childers, as agent, was representing the principals in the purchase of said property, and by reason of such notice conveyed by the language of the contract they purchased under it; that the said Young and wife assented and agreed thereto, and that they actually agreed to the acquisition by Mrs. Childers of an interest in the lease; that Humphreys has, at all times, been ready, able, and willing to close the transaction with Young and wife, and to pay them the contract price of $100 per acre provided therein, and to receive from Young and wife an abstract of title and an assignment of said lease; that Young and wife have repudiated the contract and refuse to comply with its terms.

Plaintiff tenders into court $2,000, that being the total contract price for said lease, which amounts to 20 acres of land. It is fur-

ther alleged that the Whittenburgs are claiming some sort of rights, title, and interest in and to the oil and gas lease; that their claim is wrongful and illegal and is based upon an alleged forfeiture of the lease because of the nonpayment of rentals as they became due; that on the 18th day of January, 1925, Young breached his said contract for the assignment of the lease by notifying Humphreys that the deal was off and that he would not comply with the terms of the contract. It is futher alleged that the Whittenburgs had full knowledge of all the transactions herein mentioned, and with full knowledge acquired the title to said oil and gas lease in derogation of plaintiff's rights by an agreement with Young and wife, which is a fraud upon the rights of the plaintiff.

The prayer of the petition is for citation for Young and wife, and for each of the Whittenburgs, and that upon a final hearing the court order specific performance of the contract of assignment between the Youngs, as sellers, and O. M. Childers and her associates, as purchasers, and in favor of the plaintiff, Humphreys, as against the Youngs and the Whittenburgs. The prayer is in the alternative that if the contract cannot be specifically performed, then that the plaintiff recover from the defendants the reasonable market value of said oil and gas lease on January 18, 1925, as damages; the value of said lease being alleged as $30,000.

The defendants were duly served with citation on February 1, 1926.

On April 20, 1926, J. A. Whittenburg filed his plea of privilege, alleging that he was a resident of Hutchinson county, Tex., and on April 23, 1926, George A. Whittenburg filed his plea of privilege, alleging that he also was a resident citizen of Hutchinson county, Tex.

On April 22, 1926, the Youngs filed their answer, which consists of a general demurrer, several special exceptions, and a general denial, and further special allegations to the effect that J. A. Whittenburg was the owner of the land first described, and that he, for a valuable consideration, executed and delivered to them an assignment of an oil and gas lease on the 15th of April, 1921; that on the 18th day of July, 1925, they entered into some kind of a written memorandum with O. M. Childers, who signed as agent, but which memorandum is unintelligible and under which she claims the right to an assignment of the lease; that said memorandum is void under the statute of frauds, and that in executing the same as agent she perpetrated a fraud upon said cross-petitioners, Young and wife; that they had no knowledge of who were the other parties with Mrs. Childers in the matter of the assignment, but Mrs. Childers had knowledge of the fact that they did not have in their possession a lease or an assignment of a lease from the Whittenburgs to the said 20 acres of land, and did not agree to obtain such lease from the Whittenburgs

to Mrs. Childers; that they were relying upon her to obtain such instrument from the said Whittenburgs, which she promised and agreed to do; that they did not learn until December, 1925, that Wells or Humphreys, or any one else, was claiming any interest under the memorandum of sale above mentioned; that along in December, Mrs. Childers informed Young and wife that she was unable to get an assignment of the lease from the Whittenburgs, whereupon they informed her that they thought they had waited long enough for her to obtain the assignment, and they thereupon called off the negotiations of every nature, and at this time Mrs. Childers informed them that Humphreys was claiming some interest under said memorandum. They further allege that the act on the part of Humphreys in filing this suit and further on account of placing of record in Hutchinson county the assignment from Wells to Humphreys, had placed them in a position where they could not have the property tested and drilled for minerals, wherefore they have been damaged in the sum of $50,000; that after George A. Whittenburg had executed the said transfer to them, the Youngs, they sent the same for record, and in some manner it was misplaced and lost, and they seek to have the Whittenburgs execute whatever instruments are necessary to invest them with the interest contracted for. They allege that they have paid the rentals provided for in the contract up to April 8, 1926, and tendered the same, which were refused by the Whittenburgs. They tender said rentals into court by their pleadings.

The prayer of this cross-petition is that the Whittenburgs be cited and that upon a final trial the court order the Whittenburgs to execute and deliver an assignment of the lease, transferring the said property in lieu of the lease which was lost, and to execute all necessary conveyances to vest in them, the said Young and wife, all right, title, and interest which they had acquired. They pray in the alternative for damages in the sum of $75,000 against J. A. Whittenburg, and the sum of $50,000 against Humphreys.

On October 15, 1926, the court, after hearing the pleas of privilege and the controverting affidavit of Humphreys, sustained said pleas and ordered that the case as between Humphreys and the Whittenburgs and as between the Youngs and the Whittenburgs be transferred to Hutchinson county. It was admitted during the trial that at the time of the filing of the suit and service of citation, Young and wife resided in Potter county, Tex. Upon the trial of the issues presented by the pleas of privilege and controverting affidavits of Humphreys, a great deal of testimony was introduced by both sides, which we find it unnecessary to consider in detail. Reference to the pleas of privilege shows that the Whittenburgs attack only the plaintiff's right to maintain his cause of action against them in

Potter county, and ignore the cross-action of their codefendants, Young and wife, which was filed on the day before George A. Whittenburg filed his plea of privilege.

In the original opinion, which is withdrawn, we held that the question submitted for determination here was decided adversely to the Whittenburgs in the case of Linn Bros. Garage v. Woodville Merc. Co. (Tex. Civ. App.) 244 S. W. 642, and it is possible that the rule announced in that case is not decisive of all the rights of the parties presented by this appeal. We are, however, of the opinion that the court erred in sustaining the pleas of privilege and in ordering the case transferred to Hutchinson county.

[1, 2] This is primarily a suit for specific performance. The controversy between all of the parties grew out of and is incident to the same transaction and relates to the same subject-matter, and the rule is that such parties must settle in a single suit all their controversies if practicable. Blair v. Gay, 33 Tex. 157; Rowland v. Klepper (Tex. Civ. App.) 189 S. W. 1033; Id. (Tex. Com. App.) 227 S. W. 1096; Barton v. Farmers' State Bank (Tex. Com. App.) 276 S. W. 177; Blum Milling Co. v. Moore-Seaver Grocer Co. (Tex. Com. App.) 277 S. W. 78. Young and wife and both of the Whittenburgs, according to the allegations of the petition, were necessary parties to this suit. Allison v. Shilling, 27 Tex. 454, 86 Am. Dec. 622; Buchanan v. Park (Tex. Civ. App.) 36 S. W. 807; 23 Stand. Proc. pp. 1035, 1043. While no citation had been issued and served upon the Whittenburgs commanding them to answer the cross-action of the Youngs against them at the time the pleas of privilege were heard in October, their cross-action had been on file since the month of April prior thereto. The court takes judicial notice of the pleadings in a case pending before it when the pleading is filed at or prior to the term when the court's action is taken. Eggenberger v. Brandenberger, 74 Tex. 274, 11 S. W. 1099; Blair & Hughes Co. v. Short (Tex. Civ. App.) 271 S. W. 199; 7 Encyc. Ev. 999.

[3] The rule in this state is that a suit for specific performance of an executory contract for the sale of land may be brought in the county where the defendant, or any of several defendants, resides. Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327.

[4] It having been admitted that the Youngs were residents of Potter county and the suit having been filed here, the court should have overruled the pleas of privilege filed by the Whittenburgs, even though the evidence introduced upon the hearing of such pleas showed that they were residents of Hutchinson county, Tex. As shown by the above brief summary of the pleadings, the action was not divisible, and the court could not properly transfer the suit as between Humphreys and the Whittenburgs for trial in

Hutchinson county and retain the rights of action in so far as they related to Humphreys against the Youngs and the Youngs against the Whittenburgs and Humphreys for trial in Potter county. The policy of the law of this state is to avoid a multiplicity of suits, and the rule which required the trial court to take judicial notice of the pleadings on file at the time the order transferring the case would preclude such a transfer under the issues made, so long as Humphreys had the right to maintain his action against the Youngs in the county of their residence.

R. S. 1925, art. 2008, provides that upon a filing of the plea controverting the plea of privilege, the judge shall note on the same a time for a hearing on the plea of privilege, and that such hearing, unless the parties agree upon a date, shall not be heard until a copy of such controverting plea, including a copy of such notation thereon, shall have been served upon each defendant, or his attorney, for at least ten days, exclusive of the day of service and the day of hearing. The service of this notice is held to be jurisdictional. Denby Truck Co. v. Thompson et al. (Tex. Civ. App.) 248 S. W. 427.

The record fails to show that any of the defendants have been served as required by this article of the statute. It may be that by appearing at the hearing the Whittenburgs have waived formal notice, but in view of the fact that the issues were not severable, and the court was not authorized to transfer one part of the case only, the Youngs, who had been duly cited to answer the plaintiff's petition, we think, were entitled to notice of the hearing. However, that may be, the fact that the Youngs were residents of Potter county, Tex., and necessary defendants in the suit, under the Hearst Case, supra, required the court to overrule the pleas.

The judgment is therefore reversed and the cause is remanded.

### On Motion to Correct Findings and Certify.

In accordance with the appellees' (Whittenburgs') suggestions, we have corrected some verbal inaccuracies in the statement of the original opinion, and, as requested, make the additional finding of fact, which, however, is already apparent from the record, that at the hearing upon the pleas of privilege the plaintiff, Humphreys, introduced no proof whatever, and no evidence of any kind of his cause of action, or tending to show the nature thereof.

Should we certify the question decided, it would probably postpone final action longer than if the appellees should take the matter before the Supreme Court by writs of error, and, as we already have as much work on hand as we are able to dispose of, without the additional burden of certifying cases, we overrule the appellees' motion to certify.

Motion overruled.