CRAPO v. BROWN ET AL.

| 40 | 487 |
| 105 | 556 |

| 40 | 487 |
| 140 | 552 |

**Bond:** CONSTRUCTION: SURETY. Where the bond of an insurance agent stipulated that he should "receive and forward applications for and deliver policies, and receive and forward premiums upon the same, within the city of Davenport," and he received the premiums of certain parties who had been insured in Davenport by a former agent of the company but who had since removed therefrom: *Held*, that the failure to pay over to the company such receipts was not a forfeiture of the bond subjecting the sureties to liability.

DAY and BECK, JJ., *dissenting*.

*Appeal from Scott Circuit Court.*

WEDNESDAY, JUNE 9.

THIS is an action upon a bond executed by William F. Kidder as principal, in his life time, and by Samuel E. Brown and James D. Campbell, as sureties. On a trial by the court, without a jury, judgment was rendered for the defendants. Plaintiff appeals.

*Putnam & Rogers*, for appellant.

*Brown & Campbell*, for appellees.

MILLER, CH. J.—The bond sued on is as follows:

"*Know all Men by these Presents*, That I, William F. Kidder, of the town of Davenport, county of Scott, and State of Iowa, as principal, and S. E. Brown and J. D. Campbell, of the town of Davenport, and county of Scott and State of Iowa, as surety, are held and firmly bound unto Phil M. Crapo, of Burlington, in the county of Des Moines, and State of Iowa, in the sum of five thousand ($5,000) dollars, to be paid unto

the said Phil M. Crapo and his successors in the agency for the State of Iowa, of the Connecticut Mutual Life Insurance Company, a corporation located at the city of Hartford, in the State of Connecticut, and this bond is for the benefit of said company and may not be surrendered or discharged without the consent in writing of the secretary of said company, to which payment well and truly to be made, we jointly and severally bind ourselves, our heirs, executors and administrators, firmly by these presents, sealed with our seals, and subscribed at Davenport, this 20th day of April, A. D. 1872.

*The Condition of this Obligation is such*, That whereas the above named William F. Kidder has been duly appointed by the aforesaid Phil M. Crapo an agent for the said company to receive and forward applications for insurance, and to deliver policies, and receive and forward premiums upon the same within the city of Davenport, State of Iowa, and by reason whereof, and as such agent, he will receive into his hands and possession divers sums of money, policies, chattels and other effects, the property of said company, and is bound to keep true and accurate accounts of said property, and of his receipts and disbursements, and to deliver, account for, and pay over the same, to this obligee for the benefit of said company, and for which this obligee is responsible to said company.

*Now therefore*, If the said William F. Kidder shall promptly pay to this obligee the moneys received from time to time; and shall well and truly perform all and singular, his duties as agent, aforesaid, for and during the time he officiates as said agent, and shall deliver all the property which he may receive and hold as agent, to his successor in said office, or to such other person as the obligee or the said company may direct, then this obligation shall be null and void, otherwise it shall remain in full force and virtue.

|            | W. F. KIDDER,    | [SEAL.] |
| (Signed.)  | S. E. BROWN,     | [SEAL.] |
|            | J. D. CAMPBELL,  | [SEAL.]" |

The petition alleges that Kidder received certain moneys, as agreed, and failed to pay the same over to the plaintiff

according to the stipulations of the bond. The answer is a general denial of the allegations of the petition.

The cause was submitted to the court upon the following agreed statement of facts:

"It is agreed to submit this cause to the judgment of the Court, upon the following agreed statement of facts:

The bond sued upon was executed and delivered as alleged in the petition. While said Wm. F. Kidder continued to be agent at Davenport under the appointment recited in said bond, and after the execution and delivery of said bond, said Kidder collected the premiums set forth and specified in the petition and amendment thereto, amounting to one hundred and fifty-four dollars and twenty-eight cents, being authorized and requested by plaintiff to collect the same.

The policies on which said premiums were due and paid had been issued by the Connecticut Mutual Life Insurance Company, through their local agent at Davenport, and delivered to the insured parties prior to the appointment by plaintiff of said Kidder as such agent, on which appointment the bond in suit was given. The premiums so collected were the annual renewal premiums on said policies. Said Kidder was furnished by plaintiff with the company's renewal receipts for said premiums, to be delivered to the policy-holders on payment of the premiums. The parties who paid said premiums did not at the time of such payments live at or near Davenport, having removed from the State of Iowa, since the issue of their said policies.

The amounts of said premiums were remitted by them to said Kidder, from their respective residences. Said Kidder failed to account for and pay over said premiums or any of them to the plaintiff, or to said company. Said Kidder deceased before this suit was brought. Administration on his estate was taken out in this court and plaintiff filed a claim against said estate for the amount of said premiums so collected by Kidder on the policies of said Wood and King, amounting to $116.86, but not including said premium paid by said Morgan on his policy, and said claim was allowed but has never been paid, said estate of Kidder being insolvent.

Such judgment is to be rendered on the above facts either for plaintiff or defendants, as in the opinion of the court is required by law. Any defense arising therefrom is to be available to defendants, whether pleaded or not."

Brown and Campbell alone were sued, and, upon the facts agreed to, the court rendered judgment for defendants for costs.

The question for decision is whether the sureties on the bond of the agent, Kidder, are liable for the sums of money received, and not paid over by him. By the language of the bond we are informed that Kidder had been appointed by the plaintiff an agent for the " Connecticut Mutual Life Insurance Company," to receive and forward applications for insurance, and to deliver policies, *and to receive and* forward premiums upon the same within the city of Davenport." The authority of the agent here expressed is to do three things, namely:

1. To receive and forward applications of insurance.
2. To deliver policies.
3. To *receive and forward premiums* upon the same policies that he as agent had authority to deliver.

This is the limit of the authority of the agent as expressed in the bond. The sureties are here notified of the extent of the authority of the agent, and they become bound to that extent but no farther. Their obligation will be strictly construed, and not extended by construction to include more than the language of the instrument imports; since there is nothing to show that they had any knowledge of the fact, that any agent had been acting for plaintiff, or that it had been doing any business previous to the appointment of Kidder. See cases cited in notes *a* and *b*, Burge on Suretyship, p. 40.

It is further notified to the sureties by the language of the bond, that by reason of the authority before stated to have been conferred upon the agent, he " will receive into his hands and possession divers sums of money, policies, chattels and other effects, the property of the company," of which he is bound to keep true accounts, etc. These moneys, etc., the agent was bound to pay over, and for such payment the defendants became liable as his sureties. They undertook that Kidder should promptly pay over the moneys received by him

under, and by virtue of the authority which the bond recited had been been conferred upon him, but they did not undertake to be bound for their principal beyond this.

It is quite clear that no express authority is by the bond conferred upon Kidder, to receive the premiums sued for in this action. The language of the instrument reciting the agent's authority does not include the power on his part to bind his sureties by the receipt of these moneys. Nor do we think that the authority to do so is incidental to the express authority recited in the bond. It is certainly not necessary, or properly incidental to the power to receive and forward applications for insurance, or to deliver policies, or to receive the premiums upon the policies delivered, that the agent should also receive premiums on renewals of policies issued by the company prior to the agent's appointment. The latter is an entirely distinct and independent transaction, in no manner connected with the doing of the acts mentioned in the bond. It is as foreign to the express powers named as would be the collection and receiving by the agent of principal or interest, or both, upon loans made by the company, becoming due and payable in the city of Davenport, during the time of his agency.

We do not hold that as between the company, and the persons who paid these renewal premiums to Kidder, their agent, the company may not be bound, for as between those parties the language of the bond is not the governing criterion necessarily. The company may have so held out the agent, and allowed him to receive renewal premiums from others without objections, as that they are bound thereby as to these persons.

The liability of the sureties, however, must be ascertained and determined from the instrument creating their obligation, and, as we have seen, by that measure they are not liable in this action.

In the views above expressed COLE, J., concurs, DAY and BECK, JJ., hold a different view. The court being equally divided, the judgment will stand     AFFIRMED.

DAY, J., *dissenting.*—The agreed statement of facts shows that the policies upon which Wm. F. Kidder collected the pre-

miums, which furnish the foundation of this suit, had been issued by the Connecticut Mutual Life Insurance Company, through their local agent at Davenport, and delivered to the insured parties prior to the appointment of Kidder as agent. The defendants rely upon the recital of the bond that Wm. F. Kidder has been appointed to deliver policies, and to receive and forward premiums upon the same. They emphasize the word *same*, and they contend that Kidder was authorized to receive premiums only upon the policies by him delivered, and that, as the premiums for which they are sued were received by Kidder, upon policies not delivered by him, he received them without authority, and they are not liable for his defalcation. The court below adopted this construction, and exonerated the defendants from liability. This construction is too narrow and technical; it ignores all consideration of the nature of the business of insurance, and the manner in which it is usually conducted, and does not give effect to what may reasonably be supposed to have been the intention of all the parties to this bond. Policies of insurance are always delivered, and the premiums thereon are collected or received by agents of the company.

Policies of insurance upon life, when once issued, continue during the lives of the persons insured, if they are kept in force by the payment of the stated premiums at stipulated times. It may be necessary to receive premiums upon policies during a period of fifty years; the agent who delivered the policy may terminate his connection with the company at any time. Now when for any cause a new agent is appointed to receive and forward applications, to deliver policies, and receive and forward premiums upon the same, who could reasonably suppose that the company intended to limit the agent to the receiving of premiums upon the identical policies by him delivered, and that they intended to appoint and maintain another agent for the special purpose of receiving premiums upon the policies before issued or delivered by others. There certainly should be some good reason for supposing that the company intended to adopt a course of business so inconvenient and cumbersome.

But, it is claimed this construction must be adopted because Kidder was appointed to deliver policies and receive premiums upon the *same*. The *same* does not always mean identical, not different or other. It frequently means of the kind or species, though not the specific thing. It is often used as a substitute for that which was used before, and is employed in the sense of a pronoun. In this sense it is very frequently employed in legal documents and pleadings. To deliver policies and receive premiums upon the *same* is equivalent to deliver policies and receive premiums upon *them*, or, substituting the noun for its representative pronoun, to deliver policies and receive premiums upon *policies*.

This, it seems to us, is the fair and natural import of the words, and the sense in which all parties must have understood them. We recognize the fact that the contract of a surety must be strictly construed, and that it is not to be enlarged by construction. But at the same time words are not to be wrested from their common signification, nor is a forced and unnatural construction to be placed upon the language, for the purpose of effecting the discharge of a surety.

The court, it seems to us, erred in the construction placed upon the bond, and the judgment should be reversed.

BECK, J., *concurs*.