## SERENO v. WILSON. (No. 7785.)

Court of Civil Appeals of Texas. San Antonio.
May 18, 1927.

Rehearing Denied June 22, 1927.

1. **Vendor and purchaser** &⟶224—**Purchaser would not be precluded from being innocent purchaser because of conveyance to grantor by quitclaim deed, where he was given warranty deed.**

Where deed executed to purchaser was a warranty deed, the fact, if so, that deed to grantor was a quitclaim deed would not preclude purchaser from being an innocent purchaser.

2. **Quieting title** &⟶44(3)—**Evidence held to sustain judgment removing cloud from title as against defendants claiming under later recorded deed antedating plaintiff's deed.**

In action to remove cloud from title to certain lots, as against deed recorded after plaintiff's deed, but dated previously thereto, evidence *held* to sustain judgment removing such cloud from title.

3. **Appeal and error** &⟶301—**Plaintiff's impeaching witness after introducing his deposition cannot be availed of, in absence of complaint in motion for new trial.**

Where no complaint was made in motion for new trial as to plaintiff's impeachment of witness after placing in evidence a deposition of such witness, it cannot be availed of on appeal.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Horace E. Wilson against M. Sereno and others. Judgment for plaintiff, and defendant named appeals. Affirmed.

Briscoe & Morris and Joe L. Hill, all of San Antonio, for appellant.

Wilson & Wilson, of San Antonio, for appellee.

FLY, C. J. Appellee instituted this action against M. Sereno, C. H. Hodgkinson, and Jack R. Burke, in his capacity as county clerk, to remove a cloud from the title of two lots in the city of San Antonio, being lots 3 and 4 in new city block 6077, as against the two first named defendants, and to enjoin Jack R. Burke from returning the original deed left with him by Hodgkinson for record, until the same could be used by appellee as evidence on the trial of this cause. The cloud was removed from the title, and Burke restrained as desired.

The decree was rendered on October 28, 1926, to which judgment exception was entered and notice of appeal given on the date stated. Afterwards, on October 30, 1926, a document labeled a motion for new trial, and so denominated by the court in his order overruling the motion, was filed by appellant. That paper, it is contended by appellee in a

motion to dismiss this appeal, was not a motion for new trial, because appellant asked the court in the motion "to set aside the judgment herein rendered and give judgment for the defendant." We think a motion for new trial by any other name is just as efficacious, and we shall treat that motion as did the trial judge as being a motion for new trial. It was overruled on December 3, 1926, and on December 16, 1926, appellant filed his appeal bond, which was in time, although the term extended for more than eight weeks.

We adopt the following findings of fact by the trial judge as our conclusions of fact:

"On the 10th day of December, 1924, Roy McAllister was the owner of lots Nos. 3 and 4 in new city block No. 6077, situated within the corporate limits of the city of San Antonio, Bexar county, Tex.

"On the said 10th day of December, 1924, the said Roy McAllister, for a valuable consideration, made, executed, and delivered to the plaintiff, Horace E. Wilson, a valid deed to the said premises, and that such deed conveyed to plaintiff the title thereto.

"Plaintiff had no notice of the execution of a deed prior to said date by the said Roy McAllister purporting to convey the said property to the defendant M. Sereno.

"On the 10th day of December, 1924, plaintiff duly filed his said deed for record in the office of the county clerk of Bexar county, Tex.

"Thereafter, to wit, on the 13th day of December, 1924, the defendants C. H. Hodgkinson and M. Sereno filed for record in the office of the county clerk of Bexar county, Tex., an instrument of writing, purporting to have been executed by the said Roy McAllister, and bearing date the 12th day of August, 1924, in which said instrument Roy McAllister purports to convey to the defendant M. Sereno the title to the premises hereinbefore described, but that the said deed was never executed by the said Roy McAllister, and conveyed no title to the said premises to the defendant, M. Sereno.

"Claiming under the said purported deed, defendants have unlawfully taken possession of the said premises, and are now occupying the same by their tenant.

"The said purported deed has been recorded by the county clerk of Bexar county, Tex., in the deed records of said county, and in the said purported deed are many interlineations and alterations that do not appear in the deed records.

"The plaintiff was not made a party to the suit of M. Sereno v. Lon Little et al., No. 38873, in the 57th district court of Bexar county, Tex., and had no knowledge thereof, and defendants had no valid lien against said property, in so far as plaintiff is concerned, he being an innocent purchaser for value.

"The deed executed by Jake Sereno conveying the said property to Roy McAllister was not stolen from the office of defendants."

The case of Sereno v. Little referred to in the findings of fact was one dated on June 29, 1925, in favor of M. Sereno as against Lon Little and Addie Little, foreclosing a

vendor's lien upon the lots in controversy, which, of course, could not affect the title of appellee. Appellant is Mary Sereno, a daughter of Jake Sereno. Roy McAllister, who executed the deed to appellee and a quitclaim deed to appellant, is, it seems, in the penitentiary, as well as Hodgkinson, who was sent by the Federal Court of the Western District of Texas to the United States Penitentiary at Leavenworth, Kan., for two years, for false swearing. The foundation for the judgment in M. Sereno v. Little was a note transferred by Jake Sereno to his minor daughter, Mary Sereno, the appellant herein. Jake Sereno sold the land in controversy to Roy McAllister, which was regular in every respect.

The findings of fact, sustained by the statement of facts, show that Roy McAllister was the owner of the lots, and made a valid deed to them to appellee for a valuable consideration, and no fraud was used to obtain that deed or the one made to McAllister, by Jake Sereno. There is no basis in the facts for the first proposition charging fraud, nor for the charge in the second proposition, that a deed was stolen by a former grantor. The two propositions are overruled.

[1, 2] There is no evidence to show that the deed from Jake Sereno to McAllister was a quitclaim deed, except the statement of appellant. If, however, it had been shown that the deed was a quitclaim deed, still that would not preclude appellee from being an innocent purchaser, because the deed to him was a warranty deed. Richardson v. Levi, 67 Tex. 359, 3 S. W. 444. It would be preposterous to hold an instrument a quitclaim deed on the mere assertion of a 19 year old girl, when learned courts have differed as to what constitutes a quitclaim. The deed was not offered in evidence. It is evident that the testimony of appellant and Jake Sereno was not credited by the court, and that action is borne out by their inconsistent, improbable testimony. The acts of appellant, Hodgkinson, and Jake Sereno indicate a conspiracy to defeat the deed of McAllister to appellee. The deed to Little, if there was one, was not recorded, and was not introduced in evidence. There was no evidence that Little was in possession of the land when appellee bought it. The evidence of his possession had reference only to the time when Jake Sereno sold to McAllister. A view of the deed made by Jake Sereno to Little was not vouchsafed to the court at the trial of this cause, and no one testifies to the existence of such a deed except appellant and her father, who, with the able assistance of Hodgkinson, prepared a deed purporting to have been made by McAllister to appellant which contained such apparent evidence of being a forgery that it was so pronounced by the trial judge who had it before him. The forgery was a clumsy one, for appellant admits that she, her father, and Hodgkinson were so agitated by the theft of a deed made by Jake Sereno to McAllister that they dated the instrument at a time when the McAllister deed had not been executed and could not have been stolen. Hodgkinson, although it is claimed by appellant that he had no interest in the land, carried the impossible date into the acknowledgment taken by him as a notary public. It cannot be a matter of surprise that the court with the original instrument and the evidently fabricated testimony which accompanied it, held that McAllister did not execute the deed. The evidence showed that, at the time McAllister had his acknowledgment taken in Hodgkinson's office, appellant being present, the said McAllister was in "durance vile" in the jail of Bexar county, and was not released therefrom until August 27th. He was in jail on August 12th, and was not permitted to leave the jail on that date, and he had been incarcerated therein since June 17, 1924. There seems to be no doubt that McAllister did not execute the deed to appellant. This removes appellant from all claim to the land, and, even if the recital in the deed of McAllister to appellee to the effect that his warranty was subject "to any indebtedness or lien which may appear against the premises" was sufficient to excite inquiry as to the vendor's lien held against Little, still such inquiry would not have developed that appellant had any claim to the land.

The records did not disclose any liens or indebtedness against the property, and, the testimony failing to show that Little was in possession when appellee bought the two lots, there was nothing shown to cause inquiry upon the part of appellee.

Neither of the Littles were produced in the case, and no one except Jake Sereno and his daughter, Mary, swear to his possession of the property. Whether any such persons ever existed, or whether any deed was ever made to them, depends on their testimony, which appeared to be utterly unworthy of belief, and was discarded by the trial judge. No deed was shown to Little, and, if notes given by the imaginary person, Little, were not made after appellee bought, there is nothing in the record to indicate it. Appellant swore that McAllister made an examination of their title, and pronounced it all right, and the only thing that prevented her from delivering a deed to land to which she nor her father had title was the failure of McAllister to pay the $2,000. The whole transaction seems to have been tainted with fraud and perjury.

[3] The eighth assignment of error complains of the action of the court in permitting appellee to introduce evidence of the conviction and incarceration in the penitentiary of C. H. Hodgkinson, after a deposition taken of said Hodgkinson by appellee had been by him placed in evidence. Why

appellee placed in evidence the deposition of Hodgkinson is not apparent, and is not explained by appellee, but his impeachment by showing his conviction for perjury cannot be availed of by appellant because she made no complaint of it in the motion for new trial. The assignment of error is overruled.

The judgment is affirmed.