This is an appeal from an order denying a motion for a temporary restraining order and granting a motion for summary judgment. We affirm.
In April, 1981, Rebecca Beasley, Commissioner of the Alabama Department of Pensions and Security, proposed the transfer of certain employees of DPS from the state level to various county levels. Beasley's proposal came after she had met various state and county officials and had received their approval of the transfer.
Beasley made the decision to initiate the proposals in order to alleviate an anticipated budget deficit for the Department and to provide the County Departments with critically needed support personnel. She gave notice of the proposed transfers to the State DPS employees and advised them of the option of a hardship hearing. After the hearings and review of the records, Beasley met with each employee personally before selecting them for transfer to the county levels. The county directors made no objections. They agreed that present classifications under the State Merit System would be retained; that current benefits and privileges would be honored and that compensation would be equal to that at the state level.
Twelve of the affected employees filed a complaint in the Circuit Court of Montgomery County seeking to enjoin the proposed transfers, and filed a motion for a temporary restraining order. Beasley filed a motion to dismiss, or in the alternative, a motion for summary judgment. The trial court denied the employee's motion for TRO, and granted the motion for summary judgment. Only three employees are parties in this appeal.
The employees contend that the State DPS and each county DPS are statutorily *Page 774 
two separate entities, and that Beasley did not have authority to order their transfer from the state level to the county level. Beasley, on the other hand, argues that she has authority under Title 38, Ch. 2, Code 1975. We agree with Beasley.
The various sections of Chapter 2 create an interdependent DPS consisting of one administrative unit — the state — and 67 field agencies — the county departments. Indeed, Section38-2-6 provides:
 "The aim of the state department shall be the promotion of a unified development of welfare activities and agencies of the state and of the local governments so that each agency and each governmental institution shall function as an integral part of a general system."
While the county departments have some flexibility in their operations and administrative appointments they do not function as independent governmental entities as to staff and personnel. All county employees of DPS are state employees; they are under the state merit system; they have the same grades of compensation as state employees; and they enjoy all privileges and benefits as state employees.
Under § 38-2-6 (6) the state DPS has the power to designate county departments as its agents under its rules and regulations to perform any of the state department functions. And, finally, § 38-2-3 (d) provides:
 "The commissioner shall interpret policies, rules and regulations formulated by the state board and shall have power, subject to the approval of the state board, to create within the state department such bureaus as are necessary for the effective operation of the public assistance program, and to allocate and reallocate functions among bureaus and departmental agencies."
We hold that Commissioner Beasley had the statutory authority to transfer State DPS employees to the county level.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
[EDITORS' NOTE: PAGES 775-777 CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 778