This is a state personnel case. Appellant Thomas Sullivan initiated this cause, seeking a determination that his transfer within the State Department of Education from the position of Vocational Rehabilitation Counselor II to the Division of Disability Determination as a Disability Examiner, contravened the provisions of the Merit System Act, Ala. Code 1975, §36-26-1 et seq. Sullivan sought temporary and permanent injunctive relief against Appellee Wayne Teague, in his official capacity as State Superintendent of Education, as well as reinstatement to his former position pending final outcome of the controversy. The trial court denied Sullivan's prayer for temporary relief. Subsequent to a final hearing on February 19, 1982, the trial court entered final judgment for the defendant, denying plaintiff's request for permanent injunctive relief.
We affirm.
 FACTS
Thomas Sullivan was employed by the State Department of Education in 1972, as a Rehabilitation Counselor I for the department's division of rehabilitation and crippled children's services. Some two years prior to this action, Sullivan assumed the position as Rehabilitation Counselor II.
In 1981, the Department of Education, faced with cutbacks in state and federal appropriations, determined that nineteen counselors statewide would be laid off from their employment. Of these nineteen, five were to be from the Mobile area. During this same period, the department learned that another of its subsections, the Division of Disability Determination, was planning to hire additional employees. Mr. John Reynolds, Deputy Director of the State Personnel Department, recommended that the aforementioned nineteen employees be considered to fill the vacancies within the disability division. Subsequently, the State Superintendent of Education (Teague), as appointing authority, transferred these employees from Rehabilitation Counselor II class to Disability Determination class. These two classes are "comparable," as regards character of duties, responsibilities, qualification requirements, etc.
On November 20, 1981, Teague wrote to Sullivan, advising him of his transfer to the Disability Determination Division. Sullivan was to be transferred from Mobile in the Rehabilitation Examiner II class to Birmingham in the Disability Examiner II class. The transfer was to take place without any change in Sullivan's salary, benefits, or standing in the department.
Subsequently, Sullivan traveled to Birmingham, toured the environs of his new employment, and received an explanation as to his new duties. Sullivan, thereafter, refused to accept the transfer, at which point his employment was terminated effective January 5, 1982.
Sullivan raises two issues for consideration on appeal: 1) Whether the personnel action taken by the Department of Education, Division of Vocational Rehabilitation and Crippled Children's Services, was a "lay off" within the provisions of Ala. Code 1975, § 36-26-26; and 2) whether an appointing authority may transfer an employee to a "different class" under the provisions of Ala. Code 1975, § 36-26-24. We answer the first inquiry in the negative, and the latter in the affirmative.
 "TRANSFER" OR "LAYOFF"
Ala. Code 1975, § 36-26-26, reads as follows:
 "In accordance with the rules, an appointing authority may lay off an employee in the classified service whenever he deems it necessary by reason of shortage of work or funds or the abolition of a position or other material change in duties or organization. The seniority and service ratings of employees shall be considered, in such manner as the rules shall provide, among the factors in determining the order of layoffs. The appointing authority shall give written notice to the director of every proposed layoff a reasonable time before the effective date thereof, and the director shall make such *Page 576 
orders relating thereto as he considers necessary to secure compliance with the rules. The name of every regular employee so laid off shall be placed on the appropriate reemployment list. (Acts 1939, No. 58, p. 68; Code 1940, T. 55, § 314)." (Emphasis added.).
Sullivan contends, contrary to findings by the trial court, that the action of the board constituted a "lay-off," rather than a "transfer," and consequently that the procedures of Ala. Code 1975, § 36-26-26, should have been followed.[1] We disagree.
Mr. John Reynolds, Deputy Director of the State Personnel Department, and a member of that department for over 36 years, was qualified as an expert by Sullivan before the trial court. Reynolds was asked whether, in his opinion, Sullivan was "laid off" or "transferred."
Reynolds replied in pertinent part:
 "Q. All right, sir. Did Mr. Slate come to see you regarding a layoff at the Rehabilitation Division?
 "A. I assume that he did because he was faced . . . the Department of Education was faced with one.
 "Q. All right. And did you give him any advice as to whether he ought to lay off people or take some other action?
 "A. I don't think at the first visit, but the second visit — or I may have called someone Dr. Teague or someone in the State Department. At the same time Rehab was speaking of laying off nineteen, I believe it was, Rehab couselors for funding reasons, D.D.U. was asking for additional employees, and I told Dr. Teague or his representative that I thought it would be cruel to be laying off nineteen professionally qualified career people and then at the same time in the same department employing like people to like, similar work, and he agreed. I don't think the public would think that it looked good or would accept such.
 "Q. And under the rules that you have been familiar with for thirty-six years, these transfers were Okay?
"A. Sure.
 "Q. And the Personnel Department approved these transfers?
"A. We recommended it rather than laying off people.
" . . . .
 "Q. It has been alleged in the complaint filed with the court that this transfer was in reality a layoff. Do you have a judgment about the accuracy of that allegation? Was that a layoff?
"A. Not in my opinion. Nobody was terminated."
Mr. Royce Slate, Supervisor of Personnel Services at the Division of Rehabilitation and Crippled Children's Services, testified to the same effect: that it was never the intent of the personnel board to "lay off" anyone.
At the risk of oversimplification, we feel that because, as stated by Mr. Reynolds, "Nobody was terminated," Sullivan's argument that he was "laid off" is totally without merit. Likewise, the trial court did not err in failing to apply the standards of Code 1975, § 36-26-26, to Sullivan's situation.
 SULLIVAN'S TRANSFER TO A "DIFFERENT CLASS"
Ala. Code 1975, § 36-26-24, states the following:
 "An appointing authority may, at any time, assign a classified employee under his jurisdiction from one position to another in the same class. Any classified employee may be transferred from one department to another in the same class; provided, that the director shall have authorized the transfer and shall have received the approval of both appointing *Page 577 
authorities concerned. In every case involving transfer, the appointing authority shall submit a written request to the director. (Acts 1939, No. 58, p. 68; Code 1940, T. 55, § 312.)" (Emphasis added.)
Sullivan submits that his transfer was not within the "same class," and thus was contrary to Ala. Code 1975, § 36-26-24. The crux of this contention is that any transfer should have been to another position in an "identical" class. The trial court found, and we agree, that Code 1975, § 36-26-24, permits an appointing authority to transfer employees to "comparable" classes. Accordingly, Sullivan's transfer was in accordance with the provisions of the laws governing the state merit system.
The rules of the State Personnel Department have the force and effect of law. Ala. Code 1975, § 36-26-9. These rules define "class" in the following manner:
 "20. `Class' or `class of positions' means a definitely recognized kind of employment in the classified service designed to embrace all positions that are sufficiently alike with respect to the character of duties, responsibilities, consequent qualification requirements, as to be treated alike under like conditions for all personnel purposes."
Mr. John Reynolds, mentioned earlier, helped compose the rules and regulations of the personnel department. Reynolds, when asked about the above definition of "class," responded:
"Q. And that defines class as sufficiently alike?
"A. Yes.
 "Q. It defines class in terms of comparability does it not?
"A. That's my interpretation of it."
Reynolds further testified that the above definition of "class," embracing the concept of "comparability," has been adopted by the State Personnel Board.
When asked what a determination that "same class" meant "identical class" would have on the state personnel system, Reynolds replied:
 "A. It would have a devastating effect on the employees because down through the ages we have been able to avoid termination because of the ability to transfer employees from one agency to another in comparable classes."
Black's Law Dictionary 1203 (rev. 5th ed. 1979), defines the term "same" as follows:
 "SAME. Identical, equal, equivalent. The word `same', however, does not always mean `identical.' It frequently means of the kind or species, not the specific thing. When preceded by the definite article, means the one just referred to." See In re Conner's Estate, 318 Pa. 150, 178 A. 15, 17 (1935), and Crapo v. Brown, 40 Iowa 487, 493 (1875).
We agree with the trial court that restricting the definition of the term "same class" to that suggested by Sullivan (i.e., identical class) would serve to retard the purpose and spirit of the Merit System Act — that of fostering efficiency within the state personnel system, while attracting officers and employees of a high character and quality.
Consequently, we hold the term "same class" as used in Code 1975, § 36-26-24, to encompass the term "comparable class." For a recent case dealing with the authority of the Commissioner of the Alabama Department of Pensions and Security to transfer employees from the state level to county levels, pursuant to Code 1975, § 38-2-6, see Williams v. James, 420 So.2d 773 (Ala. 1982).
The trial court did not err in its interpretation and application of § 36-26-24 and § 36-26-26.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] Sullivan contends that had the provisions of Ala. Code 1975, §36-26-26, been adhered to in these proceedings, his seniority and service rating would have prevented his transfer to Birmingham, in that he would have had a higher retention score than others similarly situated. *Page 578