**Robert W. GAMPER, Plaintiff,**

v.

**STATE OF ALABAMA DEPARTMENT OF CORRECTIONS, et al., Defendants.**

**Civil Action No. 95–D–438–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 5, 1997.

Joseph Brady Lewis, Timothy Arthur Tyler, Montgomery, AL, for Robert W. Gamper.

Alice Ann Byrne, Albert S. Butler, Alabama Dept. of Corrections, Legal Div., Montgomery, AL, for Dept. of Corrections, Carter, Thigpen, Herring, Wallace & Jones.

Billington M. Garrett, Jeff Sessions, Atty. Gen., Montgomery, AL, for Winston.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Pending before the Court are defendants' motions for summary judgment. Defendants, George Carter ("Carter"), Morris L. Thigpen ("Thigpen"), Paul D. Herring ("Herring") and Ron Jones ("Jones") filed their motion for summary judgment on December 11, 1996. Defendant Wilby Wallace ("Wallace") filed his motion for summary judgment on December 16, 1996. Defendant John Winston ("Winston") filed his motion for summary judgment on December 16, 1996. All defendants claim, *inter alia,* that they are entitled to absolute and/or qualified immunity from plaintiff's claims. On December 18, 1996, plaintiff filed a motion to strike defendants' motions for summary judgment as untimely filed. On December 30, 1996, plaintiff filed a response to defendants' motions.

■ The Court's Order entered February 15, 1996, stated that all dispositive motions must be filed "No later than 90 days prior to the pretrial hearing." The pretrial hearing was set for October 16, 1996. Thus, the parties were required to submit all dispositive motions **prior to July 18, 1996.** Although the Court subsequently amended the trial and pretrial dates, the dispositive motion deadline was not changed. The defendants have failed to explain their delay in filing their motions for summary judgment. Therefore, defendants' motions for summary judgment are due to be denied. Nevertheless, the Court, in the interest of judicial economy, takes this opportunity to review the legal sufficiency of plaintiff's claims.

## BACKGROUND

The plaintiff, a white male, was employed by the Department of Corrections ("DOC") as a Drill Instructor at the Childersburg Community Work Center. On December 4, 1991, the plaintiff was seriously injured in a motorcycle accident. The plaintiff was unable to return to work until November, 1992. The parties dispute the extent to which plaintiff's injuries, upon his return to work, impaired his ability to perform the duties of a drill instructor.

After returning to work, the plaintiff claims the defendants subjected him to various acts of discrimination and retaliation. The plaintiff claims that he was transferred from his position as a drill instructor and never reinstated to that position because of his race. The plaintiff contends that the defendants failed to investigate the numerous grievances he filed. The plaintiff claims that black officers generally received more favorable treatment than he received (as a white officer). Finally, the plaintiff states that after he filed a charge of discrimination with the Equal Employment Opportunity Commission, he was subjected to a series of adverse employment actions.

The plaintiff, on March 30, 1995, filed a three count complaint. In Count I, plaintiff seeks recovery through Title VII, 42 U.S.C. § 2000e et seq., under a theory of disparate treatment. Count II of the complaint also seeks recovery under Title VII, but is premised on a claim of retaliation. Count III states a cause of action under 42 U.S.C. § 1983. Although the complaint is unclear, according to the plaintiff, his § 1983 claim is predicated on the claim that "the [d]efendants acted under color of state law and caused the deprivation of [p]laintiff's statutorily protected rights, specifically his Fourteenth Amendment right to due process." Pl.'s Resp. to Defs.' Mot. for Summ. J. at 3.

### Title VII Claims

■ This Court has previously held that individual liability may not be imposed under a Title VII cause of action. *Smith v. Capitol City Club of Montgomery,* 850 F.Supp. 976 (M.D.Ala.1994). Thus, to the extent the plaintiff seeks to hold the individual defendants, Winston, Carter, Thigpen, Herring, Wallace and Jones, liable under Counts I and II of the complaint, plaintiff's claims are due to be dismissed.

### § 1983 Claims

■ As noted earlier the plaintiff bases his § 1983 claim on the contention that the defendants acted under color of state law to deprive the plaintiff of his due process rights. More specifically, the plaintiff argues that the defendants' act of transferring the plaintiff from his original position as a

drill instructor as well as their decision not to reassign him to the drill instructor position implicated the plaintiff's procedural due process rights.[1] The plaintiff claims that the defendants did not provide him with adequate procedural due process.

The due process clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. While the plaintiff admits that he was not terminated by the defendants, the plaintiff claims that the defendants deprived him of a property interest in continued employment *as a drill instructor* without due process of law. The defendant relies on two cases, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and *Reeves v. Thigpen*, 879 F.Supp. 1153 (M.D.Ala.1995), to support the contention that he had a property interest in continued employment as a drill instructor.

In *Loudermill*, the Supreme Court reaffirmed the familiar proposition that when a state provides an employee with a property interest in continued employment, that employment may not be terminated without due process of law. 470 U.S. at 538–40, 105 S.Ct. at 1491–92; *see also Board of Regents v. Roth*, 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–10, 33 L.Ed.2d 548 (1972); *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11–12, 98 S.Ct. 1554, 1561–62, 56 L.Ed.2d 30 (1978). After determining that the plaintiff in *Loudermill* had a property interest in continuing employment, the Court went on to determine what process he was due upon termination. *See* 470 U.S. at 542–47, 105 S.Ct. at 1493–96. In *Reeves* the court went through this same process; the court asked whether an employee of the Alabama Department of Corrections had a property interest in continued employment, and if so, what process he was due upon termination. *See* 879 F.Supp. at 1170–74. The court relied on § 36–27–27(a) of the Alabama Code to find that the plaintiff did have a property right in *continued employment. Id.* at 1170.

Section 36–26–27(a) provides in relevant part:

An appointing authority may dismiss a classified employee whenever he considers the good of the service will be served thereby, for reasons which shall be stated in writing, served on the affected employee and a copy furnished to the director, which action shall become a public record. The dismissed employee may, within 10 days after notice, appeal from the action of the appointing authority by filing with the board and the appointing authority a written answer to the charges. The board shall, if demand is made in writing by the dismissed employee within 10 days after notice of discharge, order a public hearing and, if the charges are proved unwarranted, order the reinstatement of the employee under such condition as the board may determine.

Clearly, this section of the Alabama Code applies only to employees who have been "dismissed." "Plaintiff understands that he was not dismissed from employment at the time that the grievance was filed, but he does seek to apply the law as set forth in the *Reeves* case to his own case to demonstrate that he possessed a constitutionally protected right, of which he was subsequently deprived." Pl.'s Resp. to Defs.' Mot. for Summ. J. at 8. However, the Court cannot find that the plaintiff's property interests were implicated on the basis of an unsupported request to extend the law; instead, plaintiff must point to any state law, rule or regulation which specifically creates a property interest in his "right to continued employment as a drill instructor." *See Bodiford v. State of Alabama*, 854 F.Supp. 886, 894 (M.D.Ala. 1994) (DeMent J.).

The plaintiff has not provided the Court with any authority for the proposition that he has a property interest in continuing employment as a drill instructor. To the contrary, Ala.Code § 36–26–24, allows an appointing authority to transfer "at any time" an employee from one position to another position

---

1. To the extent the plaintiff relies on allegations of retaliation to support his § 1983 claim, such reliance is misplaced. A § 1983 claim cannot be predicated on allegations of retaliation; Title VII, 42 U.S.C. § 2000e et seq., provides the exclusive remedy for such claims. *Lightner v. Town of Ariton, Alabama*, 902 F.Supp. 1489, 1499 (M.D.Ala.1995) (DeMent J.).

"in the same class."[2] Moreover, plaintiff's proposition is contrary to the weight of legal authority. *See e.g. Maples v. Martin,* 858 F.2d 1546, 1550–51 (11th Cir.1988) (no property interest implicated when professor at an Alabama university is transferred to another department); *Brogdon v. Alabama Dept. of Economic and Community Affairs,* 864 F.Supp. 1161, 1166–67 (M.D.Ala.1994) (no property interest implicated when Alabama state employee not given job for which he was ostensibly qualified); *Bodiford,* 854 F.Supp. at 894 (no property interest in Alabama state employee's "right to be classified according to his abilities"). Absent some identifiable source, the Court cannot find that the plaintiff had a property interest in the right to continued employment *as a drill instructor. C.f. Hatcher v. Board of Public Educ. and Orphanage for Bibb County,* 809 F.2d 1546, 1549–51 (11th Cir.1987) (where statute provides that teacher may not be demoted except for "good cause," teacher is held to have property interest in not being demoted). Accordingly, the plaintiff's § 1983 claim based on a deprivation of his due process rights cannot be sustained, and is due to be dismissed.

### ORDER

Pursuant to the foregoing discussion it is CONSIDERED and ORDERED that:

(1) defendants', Carter, Thigpen, Herring and Jones motion for summary judgment be and the same is hereby DENIED as UNTIMELY;

(2) defendant Wallace's motion for summary judgment be and the same is hereby DENIED as UNTIMELY;

(3) defendant Winston's motion for summary judgment be and the same is hereby DENIED as UNTIMELY;

(4) plaintiff's motion to strike defendants' motion for summary judgment as untimely filed is hereby GRANTED;

(5) plaintiff's claims pursuant to Title VII (Counts I and II of the complaint) against the individual defendants, Winston, Carter, Thigpen, Herring, Wallace and Jones, are hereby DISMISSED; and

(6) plaintiff's § 1983 claim (Count III of the complaint) is hereby DISMISSED.

---

2. This provision has been interpreted to allow an appointing authority to transfer employees to "comparable" classes. *See Sullivan v. Teague,* 424 So.2d 574, 577 (Ala.1982). Regardless, the plaintiff has presented no evidence that he was transferred to a position of a different "class" than that of drill instructor.